UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
: 
JIMMY HARRIS,                                              :
                                                           :
                      Plaintiff,               :
                                                           :    22-cv-4120 (VSB)
         -against-                                      :
                                                           :    **ORDER**
BURLINGTON COAT FACTORY and                                :
URBAN EDGE PROPERTIES,                                     :
                                                           :
                      Defendants.              :
                                                           :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Jimmy Harris ("Plaintiff") filed this action against Defendants Burlington Coat Factory ("Burlington Coat") and Urban Edge Properties in the New York Supreme Court. (Doc. 1-1, ("Complaint").) On May 19, 2022, Burlington Coat removed the action to this Court by filing a notice of removal. (Doc. 1, ("Notice of Removal").) Plaintiff subsequently objected to the removal. (Doc. 6.) For reasons below, I agree with Plaintiff and order the case to be remanded.

       "Generally, for removal to be proper, all named defendants must join in the removal petition." *Zerafa v. Montefiore Hosp. Hous. Co.*, 403 F. Supp. 2d 320, 328 (S.D.N.Y. 2005). Under 28 U.S.C. § 1446(b)(2), "all defendants who have been properly joined and served must join in or consent to the removal of the action" within thirty days of receiving the initial pleading or summons. "District courts within this Circuit . . . have consistently interpreted the statute as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) (internal quotation marks omitted). "The removing party bears the burden of

demonstrating . . . compliance with the relevant procedural requirements, including the rule of unanimity." *Metro. Transp. Auth. v. United States Fid. & Guar. Co.*, No. 14 Civ. 9059(PAE), 2015 WL 1730067, at *7 (S.D.N.Y. Apr. 14, 2015) (cleaned up).

In the Complaint, Plaintiff describes Urban Edge Properties as "a domestic corporation organized and existing under and by virtue of the laws of the State of New York." (Complaint ¶ 4.) Plaintiff asserts that Urban Edge Properties "owned the premises known as and located at 2500 Central Park Avenue, County of Westchester, City of Yonkers, and State of New York." (*Id.* ¶ 6.) On April 20, 2022, Plaintiff served Cinthya Leon, an authorized agent of Urban Edge Properties ("UEP"), at 888 7th Avenue, New York. (Doc. 6 at 3.) UEP shares this address on their website, uedge.com. (*Id.* at 5.) On May 6, 2022, UEP, represented by counsel from Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, filed a joint stipulation (the "Stipulation") with Plaintiff in the New York Supreme Court, whereby they waived personal jurisdiction and agreed to file an answer on or before June 6, 2022. (*See* Doc. 11 at 3.) On May 31, UEP filed its answer (the "Answer") without raising insufficient service as an affirmative defense. (Doc. 7 at 4–9.) By failing to raise it, UEP waived the defense of insufficient service and is deemed "properly served." *See Arch Ins. Co. v. Goldens Bridge Fire Dep't*, No. 16-CV-9921 (NSR), 2018 WL 1725225, at *3 (S.D.N.Y. Apr. 6, 2018) (noting that failure to plead insufficient service of process in answer or in pre-answer motion constitutes waiver of the defense) (collecting cases).

UEP received the summons on April 22, 2022, (Doc. 6 at 3), and on May 19, 2022, Burlington Coat filed the Notice of Removal, (Doc. 1). Because UEP was properly served, for removal to be proper, UEP needed to "join in or consent to the removal of the action" within thirty days of receiving the summons. 28 U.S.C. § 1446(b)(2)(B). However, UEP did not

express its consent to removal until almost two months after being served, on June 16, 2022. (*See* Doc. 10 at 2 ("Urban Edge Properties now consents to removal of this case to this Court.").) Because the rule of unanimity is not satisfied, removal is improper and remand is required. *See*, *e.g.*, *Rivera v. Avilala*, No. 21-cv-8455 (ALC), 2021 WL 5513697, at *2 (S.D.N.Y. Nov. 24, 2021) (remanding the case where unanimous consent to removal was not obtained within the thirty-day removal period). "If the removal was not proper in the first instance, the state court was never divested of jurisdiction and the federal court consequently has no jurisdiction to exercise." *Naber v. First Am. Title Ins. Agency, Inc.*, No. 22-CV-6166-CJS-MJP, 2022 WL 16832644, at *4 (W.D.N.Y. Nov. 9, 2022).

In their second letter in response to Plaintiff's objections to remand, counsel for Burlington Coat and a different entity named Urban Edge Properties ("UEP II") argue that UEP II is actually the named defendant in this case. (Doc. 12 at 1.) UEP II is a Maryland corporation not registered to conduct business in the State of New York. (*Id*.) The letter goes on to assert that Burlington Coat did not need any co-defendant's consent for removal because UEP II was never served, and UEP—the entity who was served, appeared before the state court, filed the Stipulation, and filed the Answer—was not the named defendant. (*Id*.) In support of their argument, Burlington Coat and UEP II compare the Complaint, which names "Urban Edge Properties," with the Answer—filed by UEP after Burlington Coat removed the case to this Court—where UEP refers to themselves as "Urban Edge Properties, LP." (*See* Doc. 11 at 4 ("Defendant, URBAN EDGE PROPERTIES LP i/s/a/ UBRAN [sic] EDGE PROPERTIES . . . alleges as follows . . . .") and 8.) In other words, Burlington Coat has identified a seemingly unrelated company that shares the same name as the named defendant and asserts that even though UEP has been served and participated in the case, they are not a defendant because the

Complaint named "Urban Edge Properties" not "Urban Edge Properties LP."

Based on the description of the intended defendant contained in the Complaint, the address that the intended defendant was served at, and the fact that Plaintiff executed the Stipulation with UEP, it appears that "plaintiffs did not select the wrong defendant but committed the lesser sin of mislabeling the right defendant" by omitting the term "LP." *Robinson v. Sanctuary Music*, 383 F. App'x 54, 57 (2d Cir. 2010).  UEP is the entity which was described, served, and appeared in the state action, not UEP II.  Even if there are doubts as to whether UEP or UEP II is the entity that Plaintiff intended to file suit against, such doubts should be resolved "in favor of remand."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 220 (2d Cir. 2013).  Burlington Coat had notice of UEP's participation in the suit.  In fact, UEP and Plaintiff filed the Stipulation on the docket in the Supreme Court of New York thirteen days before Burlington Coat filed the Notice of Removal.  (*Compare* Doc. 11 at 3, *with* Doc. 1.)  Despite this, Burlington Coat did not timely receive UEP's consent to remove the action and therefore has not properly removed the matter.

Accordingly, it is hereby ORDERED that this action is remanded to the New York Supreme Court.  The Clerk is respectfully directed to close the case.

SO ORDERED.

Dated: August 15, 2023
       New York, New York

                                                  Vernon S. Broderick
                                                  United States District Judge